## IN THE UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

BACARRA MAULDIN, )
 )
 )
                  Plaintiff, )
v.                )          Case No. 2:26-cv-02567
 )
 )          JURY DEMANDED
MEMPHIS AREA TRANSIT )
AUTHORITY and )
CITY OF MEMPHIS, )
 )
 )
                  Defendants. )

## ANSWER AND COUNTER CLAIMS OF DEFENDANT, MID-SOUTH TRANSPORTATION MANAGEMENT, INC.

Defendant Mid-South Transportation Management, Inc., incorrectly sued as Memphis Area Transit Authority,[1] hereby submits its Answer to the Amended Complaint filed by Plaintiff Bacarra Mauldin ("Plaintiff") and states as follows:

### PARTIES, JURISDICTION, AND VENUE

1.      Upon information and belief, Defendant admits the allegations contained in Paragraph 1 of the Amended Complaint.

2.      With respect to the allegations contained in Paragraph 2 of the Amended Complaint, Defendant admits only that MATA may be served with process through its Interim CEO at the address stated therein. Defendant denies the remaining allegations contained in Paragraph 2 of the Amended Complaint as pled.

---

[1] While Mid-South Transportation Management, Inc. is the correct entity and Plaintiff's former employer, this Answer refers to Mid-South Transportation Management, Inc. as "MATA" for the sake of simplicity.

3.     Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 3 of the Amended Complaint and therefore denies the same.

4.     With respect to the allegations contained in Paragraph 4 of the Amended Complaint, Defendant admits only that Plaintiff's pleading purports to state the claims identified. Defendant denies that it engaged in any wrongdoing and denies that Plaintiff is entitled to any relief whatsoever.

5.     In response to Paragraph 5 of the Amended Complaint, Defendant admits that this matter was properly filed in state court before it was timely removed to federal court by Defendants.

6.     In response to Paragraph 6 of the Amended Complaint, Defendant admits that venue was proper in the state court where this case was initially filed before it was properly removed to federal court by Defendants.

## **FACTS**

7.     Defendant restates and incorporates its responses to the proceeding paragraphs of the Amended Complaint as if fully written herein.

8.     Defendant admits the allegations contained in Paragraph 8 of the Amended Complaint.

9.     With respect to the allegations contained in Paragraph 9 of the Amended Complaint, Defendant admits that in 2025 Plaintiff applied and was approved for FMLA leave. Defendant is without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 9 of the Amended Complaint and therefore denies the same.

10.     Defendant denies the allegations contained in Paragraph 10 of the Amended Complaint.

11. Defendant denies the allegations contained in Paragraph 11 of the Amended Complaint.

12. With respect to the allegations contained in Paragraph 12 of the Amended Complaint, Defendant admits only that Defendant terminated Plaintiff's employment for valid nondiscriminatory reasons. Defendant denies the remaining allegations contained in Paragraph 12 of the Amended Complaint.

13. Defendant denies the allegations contained in Paragraph 13 of the Amended Complaint.

14. Defendant denies the allegations contained in Paragraph 14 of the Amended Complaint.

15. With respect to the allegations contained in Paragraph 15 of the Amended Complaint, Defendant admits only that the next pay date following Plaintiff's termination was April 10, 2025. Defendant denies that Plaintiff was or is entitled to an additional payment of any kind.

16. Defendant denies the allegations contained in Paragraph 16 of the Amended Complaint.

17. Defendant denies the allegations contained in Paragraph 17 of the Amended Complaint.

18. Defendant denies the allegations contained in Paragraph 18 of the Amended Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of the Amended Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of the Amended Complaint.

## COUNT I – RETALIATORY DISCHARGE

21. Defendant restates and incorporates its responses to the preceding paragraphs of the Amended Complaint as if fully written herein.

22. With respect to the allegations contained in Paragraph 22 of the Amended Complaint, Defendant admits only that Plaintiff was an at-will employee of MATA as above properly identified in this Answer. Defendant denies the remaining allegations contained in Paragraph 22 of the Amended Complaint.

23. In response to Paragraph 23 of the Amended Complaint, Defendant admits that it ended Plaintiff's employment before she filed this lawsuit.

24. Defendant denies the allegations contained in Paragraph 24 of the Amended Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of the Amended Complaint.

26. Defendant denies the allegations contained in Paragraph 26 of the Amended Complaint

27. Defendant denies the allegations contained in Paragraph 27 of the Amended Complaint.

## COUNT II – INTERFERENCE WITH FMLA

28. Defendant restates and incorporates its responses to the preceding paragraphs of the Amended Complaint as if fully written herein.

29.    Defendant denies the allegations contained in Paragraph 29 of the Amended Complaint.

30.    Defendant denies the allegations contained in Paragraph 30 of the Amended Complaint.

## COUNT III – BACK PAY

31.    Defendant restates and incorporates its responses to the proceeding paragraphs of the Amended Complaint as if fully written herein.

32.    Defendant denies the allegations contained in Paragraph 32 of the Amended Complaint.

33.    Defendant denies the allegations contained in Paragraph 33 of the Amended Complaint.

34.    Defendant denies the allegations contained in Paragraph 34 of the Amended Complaint.

## COUNT IV – IMPLIED CONTRACT – UNJUST ENRICHMENT

35.    Defendant restates and incorporates its responses to the proceeding paragraphs of the Amended Complaint as if fully written herein.

36.    Defendant denies the allegations contained in Paragraph 36 of the Amended Complaint as pled.

37.    Defendant denies the allegations contained in Paragraph 37 of the Amended Complaint.

38.    Defendant denies the allegations contained in Paragraph 38 of the Amended Complaint.

## TORTIOUS INTERFERENCE

39.     Defendant restates and incorporates its responses to the proceeding paragraphs of the Amended Complaint as if fully written herein.

40.     Defendant denies the allegations contained in Paragraph 40 of the Amended Complaint.

41.     Defendant denies the allegations contained in Paragraph 41 of the Amended Complaint.

42.     Defendant denies the allegations contained in Paragraph 42 of the Amended Complaint.

43.     Defendant denies the allegations contained in Paragraph 43 of the Amended Complaint.

44.     Defendant denies the allegations contained in Paragraph 44 of the Amended Complaint.

45.     Defendant denies the allegations contained in Paragraph 45 of the Amended Complaint.

46.     Defendant denies the allegations contained in Paragraph 46 of the Amended Complaint.

## INJURIES AND DAMAGES

47.     Defendant restates and incorporates its responses to the proceeding paragraphs of the Amended Complaint as if written fully herein.

48.     Defendant denies the allegations contained in Paragraph 48 of the Amended Complaint.

## JURY DEMAND

49.     Defendant admits that Plaintiff has made a demand for a jury.

## RELIEF SOUGHT

50.     With respect to the relief sought in the unnumbered paragraph following the header, "RELIEF SOUGHT," Defendant denies that Plaintiff is entitled to any relief whatsoever.

Any allegation of the Amended Complaint not specifically admitted, modified, or denied is hereby denied separately and specifically denied.

## AFFIRMATIVE DEFENSES

1.     Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

2.     Plaintiff's claims and recovery are barred by the doctrine of unclean hands. Indeed, Plaintiff was misusing MATA resources for her own personal benefit while being compensated to act in the best interest of MATA and the community MATA serves.

3.     Plaintiff may be barred, in whole or in part, by the doctrines of ratification, release, estoppel, laches, failure to perform condition precedent, fraud in the inducement, and/or waiver.

4.     Plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations for all of her claims allegedly arising under Tennessee law.

5.     Plaintiff's claims are barred and/or its alleged damages must be limited by Plaintiff's own breach of contract.

6.     Plaintiff's claims may be barred and/or must be reduced by a failure to mitigate damages.

7

7.      Defendant reserves the right to assert further affirmative defenses as they become evident through discovery or investigation.

**WHEREFORE,** having fully answered, Defendant prays that this Court enter judgment in its favor for costs, including attorneys' fees and for such other and further relief as the Court deems just and proper.

## COUNTERCLAIMS

Defendant/Counter-Plaintiff Mid-South Transportation Management, Inc. ("MATA") asserts the following counterclaims against Plaintiff/Counter-Defendant Bacarra Mauldin ("Mauldin") and states as follows:

## JURISDICTION, AND VENUE

1.      The Court has supplemental jurisdiction over the counterclaims asserted by MATA based on 28 U.S.C. § 1367 because the claims herein asserted arise from the same transactions or occurrences that serve as the basis for this dispute.

2.      Venue is proper because the underlying lawsuit is properly pending in the Federal District Court for the Western District of Tennessee and the actions giving rise to the counterclaims substantially occurred in this district.

## BACKGROUND FACTS RELEVANT TO ALL CLAIMS

3.      In January 2023, Mauldin was promoted to the position of Deputy CEO for MATA, making her a top-ranking executive for MATA.

4.      In February 2024, Mauldin was promoted to interim CEO, making her the highest-ranking officer of the organization.

5.      As CEO, Mauldin was provided with a company credit card in her name for which she was the only authorized user. Mauldin was made aware that the credit card was only

8

to be used for business-related expenses which were authorized pursuant to and in accordance with MATA's policies governing business expenses.

6. During her tenure as interim CEO, Mauldin used, authorized, and directed the use of her company credit card for non-business-related expenses. These transactions included purchases for things such as, but not limited to, flights, hotels, car rentals, gas, dining, catering, spa treatments, merchandise, sorority events, car repairs, and more.

7. When questioned about the transactions and excessive purchases, Mauldin admitted that some purchases were in violation of company policies and/or procedures.

8. Many transactions which Mauldin alleged were business-related were unreasonable and/or unapproved as required by MATA's policies.

9. In addition to the company credit card, MATA also provided Mauldin with a company owned vehicle, which she was only permitted to use for business-related purposes, but Mauldin used the vehicle for her own personal benefit at MATA's expense.

### COUNT I – BREACH OF FIDUCIARY DUTY

10. MATA repeats and realleges the allegations set forth in paragraphs 1 through 9 as if fully set forth herein.

11. While serving as interim CEO, Mauldin was the highest-ranking officer at MATA. As the CEO she occupied a position of the highest trust, confidence, and authority within the organization.

12. As the interim CEO, Mauldin had a fiduciary duty to act in the best interest of MATA at all times.

13. Mauldin had a duty to follow all MATA policies and procedures and to require all employees to do the same.

14.    As a corporate officer, Plaintiff owed MATA a fiduciary duty to act: (1) in good faith; (2) with the care an ordinarily prudent person in a like position would exercise under similar circumstances; and (3) in a manner the officer reasonably believes to be in the best interests of the corporation, pursuant to Tenn. Code Ann. § 48-58-403.

15.    While acting as interim CEO Mauldin breached the fiduciary duty she owed to MATA by misusing the organization's funds and resources for non-business-related expenses in violation of MATA's own company policies.

16.    During Mauldin's tenure, MATA faced a significant budget deficit.

17.    Mauldin was fully aware of the extreme financial difficulties that MATA faced and the impact that the budget shortfall would have on MATA's employees and the public MATA served.

18.    Mauldin was familiar with MATA's policies governing spending and procurement, and she knew that neither she nor her staff were complying with these policies.

19.    Mauldin intentionally and recklessly failed to enforce MATA's policies governing spending and procurement even though she fully understood the financial situation was dire.

20.    Mauldin knew that MATA employees were using the MATA credit card issued to her for a range of nonwork related expenses that included but were not limited to electronics for personal use from Best Buy, spa treatments, and other such items, but she intentionally and recklessly failed to take any steps to protect MATA from this egregious misuse of resources.

21.    While MATA was operating at a significant financial deficit, Mauldin was using MATA's money for first class air travel, attending out of town sorority events, purchasing flights

for her daughter, entertaining in a luxury suite at FedEx Forum, enjoying expensive dinners, and purchasing luxury items like a $1,000 Montblanc pen.

22.    Furthermore, Mauldin hired consultants at MATA's expense for approximately $9,000 to secure training to prepare her for the interview to become MATA's CEO.

23.    The "interview training" that the consultants provided Mauldin did not address any of the existing operational needs of MATA; instead, the purpose of the training was to help Mauldin fulfill her own personal ambition and career goals. Mauldin's decision to hire consultants for this purpose was an egregious misuse of MATA's resources for her own personal benefit.

24.    Mauldin breached the fiduciary duty she owed to MATA in all of the following ways: (1) by intentionally and recklessly misusing MATA's resources for her own personal gain and for purposes that were not legitimately related to MATA's mission, and (2) by intentionally and recklessly failing to intervene when she knew that her direct reports were misusing MATA's resources for their personal benefit and for other illegitimate purposes.

25.     MATA is entitled to recover the full range of damages available based on Mauldin's breach of her fiduciary duty.

26.    The Court should award MATA damages for all direct economic losses caused by Mauldin's personal misuse of MATA's resources and her intentional and reckless failure to protect MATA's resources from misuse by her direct reports.

27.    The Court should also order disgorgement and require Mauldin to repay MATA the compensation she earned while serving as CEO.

11

28.     MATA is also entitled to punitive damages based on Mauldin's breach of fiduciary duty because her many acts of misconduct were intentional, fraudulent, malicious, and reckless.

## COUNT II - CONVERSION

29.     MATA repeats and realleges the allegations set forth in paragraphs 1 through 28 as if fully set forth herein.

30.     Mauldin used her MATA credit card and other MATA resources for personal, non-business-related purchases and expenses which were not compliant with company policies and procedures.

31.     Mauldin further used her company vehicle for non-business-related purposes.

32.     Mauldin's misuse of her MATA credit card, her use of the company vehicle in violation of policy, and her violation of procurement policies all constitute conversion.

33.     As a direct and proximate result of Mauldin's conversion, MATA has suffered economic damages of an undetermined amount, and MATA is entitled to recover the full range of its economic losses due to Mauldin's conversion.

34.     MATA is entitled to compensatory and punitive damages as a result of Mauldin's conversion.

## COUNT III – UNJUST ENRICHMENT

35.     MATA repeats and realleges the allegations set forth in paragraphs 1 through 34 as if fully set forth herein.

36.     Mauldin directly benefited from her improper and unauthorized use of MATA funds and property for non-work-related purposes.

37.    Mauldin had knowledge that her conduct provided a benefit to herself and was done in violation of MATA's policies.

38.    Mauldin's misappropriation of MATA funds and her misuse of company property for her personal benefit is unjust, and it would be inequitable for Mauldin to retain these benefits.

39.    MATA is entitled to economic damages in an amount equal to that which Mauldin was unjustly enriched based on its equitable claim of unjust enrichment.

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, based on the foregoing, MATA requests that the Court enter a final judgment in its favor and grant the following relief:

A.  Monetary damages for each claim asserted;

B.  Disgorgement of the salary and other compensation Mauldin received while engaged in unlawful activities as set forth above;

C.   Punitive damages;

D.  An award of reasonable attorneys' fees;

E.  All other damages to which this Court finds MATA entitled.

Respectfully submitted,

*s/Frank L. Day, Jr.*
Frank L. Day, Jr. (TN No. 025345)
**FORDHARRISON LLP**
1715 Aaron Brenner Dr., Suite 200
Memphis, Tennessee 38120
Telephone:(901) 291-1500
Facsimile: (901) 291-1501
fday@fordharrison.com

***ATTORNEY FOR DEFENDANT,
MID-SOUTH TRANSPORTATION
MANAGEMENT, INC.***

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon the following by electronic means via the Court's CM/ECF system, this 2nd day of June 2026:

Vanecia Belser Kimbrow
1011 W. Poplar Ave., Suite 5
Collierville, TN 38017
belserkimbrowlaw@gmail.com

Kenneth Margolis
5050 Poplar Ave., Suite 1632
Memphis, TN 38157
Telephone: (901) 405-3031
Facsmile: (901) 203-0506
kmargolis@margolis-law.com

***ATTORNEYS FOR PLAINTIFF***

Bruce McMullen (#18126)
Kelsey W. McKinney (#40434)
**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C**
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
Telephone: (901) 526-2000
bmcmullen@bakerdonelson.com
kmckinney@bakerdonelson.com

***ATTORNEYS FOR DEFENDANT,***
***CITY OF MEMPHIS***

*s/Frank L. Day, Jr.*