IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
AT MEMPHIS

_____

BACARRA MAULDIN,

      Plaintiff / Counter-Defendant

      vs.                         Case No. 2:26-cv-02567-SHL-atc

MEMPHIS AREA TRANSIT AUTHORITY

      Defendant / Counter-Plaintiff

and CITY OF MEMPHIS          *Removed from Shelby County Chancery Court Docket CH-26-0512-1*

      Defendant.

_____

**PLAINTIFF**

_____

Comes now Your Plaintiff, BACARRA MAULDIN, in the role of Counter-Defendant and would hereby respond to the Counter-Claim of Memphis Area Transit Authority (hereinafter "MATA") as follows:

**<u>First Defense</u>**

The Counter-Claim fails to state a claim upon which relief can be granted and should be dismissed pursuant to FRCP 12.02

**<u>Second Defense</u>**

In answer to the specific numbered paragraphs of the Counter-Claim, Your Plaintiff / Counter-Defendant, BACARRA MAULDIN would show as follows:

1. Admit

2. Admit

3. Admit

4. Admit

5. Admit that the subject credit card was to be used for business purposes and in furtherance of MATA interests.  The remaining allegations are denied as stated.

6. Denied.

7. Plaintiff / Counter-Defendant objects to this allegation as it does not reference a date(s) or time(s) of any alleged conversations and it not known what specifically is being referenced.   However, it is denied that Plaintiff / Counter-Defendant ever admitted to misappropriating MATA funds.

8. Denied

9. Denied as stated.

10. Previous responses are reiterated by reference

11. Admit that Counter-Defendant was serving as highest-ranking officer and had a duty to act appropriately and reasonably in said role while acting within the course and scope of her employment.

12. Denied as stated, had a duty to act appropriately and reasonably in her role while acting within the course and scope of her employment To the same extent as any other employee or prior occupant of said position, admit

13. Plaintiff / Counter-Defendant objects to this allegation as it does not reference what policies or procedures are being referenced.  Many policies and procedures were vague and ambiguous or contradicted other policies,

procedures or customs and practices that had been observed for years. It is denied as stated.

14. Objection as such calls for a legal conclusion and the referenced statute speaks for itself.

15. Denied

16. At all times before, during and after Plaintiff's tenure, MATA suffered budget deficits.

17. At all times relevant, Plaintiff was aware of the MATA finances.

18. Denied

19. Denied

20. Denied as stated

21. Denied as stated

22. Denied as stated

23. Denied

24. Denied

25. Denied

26. Denied

27. Denied

28. Denied

29. Previous responses are reiterated by reference

30. Denied

31. Denied that personal use of the provided vehicle was a violation of MATA custom or policy.

32. Denied

33. Denied

34. Denied

35. Previous responses are reiterated by reference

36. Denied

37. Denied

38. Denied

39. Denied

IT IS FURTHER DENIED, that MATA is entitled to any relief sought under the heading "Prayer for Relief" of to any relief whatsoever.

## **Third Defense**

The Counter-Claim fails to state a claim for punitive damages and such should be dismissed pursuant to FRCP 12.  In the alternative, the claim for punitive damages must be bifurcated as mandated by Tennessee Code Ann. 29-39-104 and *Hodges v. Toof,* 833 SW2d 896 (Tenn. 1992)

## **Fourth Defense**

If Permitted,  Counter-Plaintiff's Claim for punitive damages are limited and restricted by TCA 29-39-104, and the holding of the United States Supreme Court in *State Farm Mutual vs. Campbell,*  123 S. Ct 1513 (2003)

## **Fifth Defense**

In connection with Counter-Plaintiff's claims for punitive damages, Tennessee Law is vague dn therefore the imposition of punitive damages in this case would violate

the Counter-Defendant's rights under the Fourth, Fifth and Sixt Amended to the United States Constitution and the due process clause of the Fourteen Amendment and the due process clause of the Tennessee Constitution.

WHEREFORE, PREMISES CONSIDERED, Your Counter-Defendant, BACARRA MAULDIN, prays that the instant Counter-Claim filed against her be dismissed at Counter-Plaintiff's Costs and hereby requests any and all relief to which she may be entitled in both law and equity.

Respectfully submitted this 24th day of June, 2026

Respectfully Submitted,

/s/Kenneth M. Margolis
Kenneth M. Margolis, TN#22906
*Counsel for Plaintiff, Bacarra Mauldin*
5050 Poplar Avenue, Suite 1632
Memphis, TN 38157
(901) 405-3013 (office)

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served via the Court's CM/ECF system and email upon opposing counsel:

Bruce McMullen, Esq.　　　bmcmullen@bakerdonelson.com
Kelsey W. McKinney, Esq.　　kmckinney@bakerdonelson.com
*Counsel for City of Memphis*

Frank L. Day, Esq.　　　fday@fordharrison.com
Sarah Rhodes, Esq.　　　srhodes@fordharrison.com
*Counsel for MATA*

on this the 24th day of June, 2026.

/s/Kenneth M. Margolis
Kenneth M. Margolis