**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| BACARRA MAULDIN, | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 2:26-cv-02567-SHL-atc |
| MEMPHIS AREA TRANSIT AUTHORITY | ) | |
| and CITY OF MEMPHIS, | ) | |
| | ) | |
| Defendants. | ) | |

**SCHEDULING ORDER**

Pursuant to written notice, a scheduling conference was held on July 16, 2026.  Present were Kenneth Margolis, counsel for Plaintiff, Kelsey W. McKinney and Alexis Hivner, counsel for Defendant City of Memphis, and Frank L. Day and Sarah G. Rhodes, counsel for Defendant Memphis Area Transit Authority.  At the conference, the following dates were established as the final deadlines for:

**INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1):**  July 30, 2026

**MOTIONS TO JOIN PARTIES:** September 10, 2026

**MOTIONS TO AMEND PLEADINGS:**  September 10, 2026

**MOTIONS TO DISMISS:**  October 8, 2026

**ALTERNATIVE DISPUTE RESOLUTION:**

(a)   **ADR DEADLINE PURSUANT TO ADR PLAN RULE 4.3(a):**  October 8, 2026
Mediator must file Mediation Certification Form: www.tnwd.uscourts.gov/local-forms

(b)   **SELECTION OF MEDIATOR PURSUANT TO ADR PLAN RULE 5.4(c)2:**

**STIPULATION FILING DATE:** July 21, 2026
(If the parties fail to agree upon a Mediator by this deadline, the Court shall select a
Mediator for the case from the Court's Mediator list and shall issue an Order
notifying the parties of the Mediator's identity)

**COMPLETING ALL DISCOVERY:** March 18, 2027

    **(a)**    **WRITTEN DISCOVERY**[1]**:** March 18, 2027

    **(b)**    **DEPOSITIONS:** March 18, 2027

    **(c)**    **EXPERT WITNESS DISCLOSURES (Rule 26):**

        **(1)**    **DISCLOSURE OF RULE 26 EXPERT INFORMATION FOR PARTY BEARING BURDEN:** January 21, 2027

        **(2)**    **DISCLOSURE OF REBUTTAL RULE 26 EXPERT INFORMATION:** February 18, 2027

        **(3)**    **EXPERT WITNESS DEPOSITIONS:** March 18, 2027

**MOTIONS TO EXCLUDE EXPERTS/DAUBERT MOTIONS:** April 29, 2027

**FILING DISPOSITIVE MOTIONS:** April 29, 2027

**JOINT PROPOSED PRETRIAL ORDER DUE:** August 13, 2027
(E-Mail Joint Proposed Pretrial Order in Word or WordPerfect format to:
ECF_Judge_Lipman@tnwd.uscourts.gov)

**PRETRIAL CONFERENCE DATE:** August 20, 2027 at 9:30 a.m.
(All counsel participating in the trial must be present in person at the pretrial conference.)

**JURY TRIAL:** August 30, 2027 at 9:30 a.m. Trial is anticipated to last approximately three to four days.

The parties do not consent to trial before the magistrate judge.

**OTHER RELEVANT MATTERS:**

    As required by Local Rule 26.1(e), the parties have conferred as to whether they will seek discovery of electronically stored information ("e-discovery") and have not reached an agreement regarding e-discovery and will comply with the default standards described in Local Rule 26.1(e) until such time, if ever, the parties reach an agreement and the court approves the parties' e-discovery plan.

---

[1] The parties shall serve requests at least forty-five days before the deadline to complete written discovery to allow sufficient time for responses by the deadline for completion of discovery.

Pursuant to agreement of the parties, if privileged or protected information is inadvertently produced, the producing party may, by timely notice, assert the privilege or protection and obtain the return of the materials without waiver.

Pursuant to Local Rule 16.3(d), within seven days of completion of ADR, the parties shall file a notice via ECF confirming that the ADR was conducted and indicating whether it was successful or unsuccessful, without disclosing the parties' respective positions at the ADR. The Mediator must file a Mediation Certification form, as noted above.

Pursuant to Local Rule 7.2(a)(1)(A), all motions, except motions pursuant to Fed. R. Civ. P. 12, 56, 59, and 60 shall, be accompanied by a proposed order in a word processing format sent to the ECF mailbox of the presiding judge.

Pursuant to Local Rule 7.2(a)(1)(B), the parties are required to consult prior to filing any motion (except motions filed pursuant to Fed. R. Civ. P. 12, 56, 59, and 60).

The opposing party must file a response to any opposed motion. Pursuant to Local Rule 7.2(a)(2), a party's failure to respond timely to any motion, other than one requesting dismissal of a claim or action, may be deemed good grounds for granting the motion.

Neither party may file an additional reply to any motion, other than a motion filed pursuant to Fed. R. Civ. P. 12(b) or 56, without leave of the court. Pursuant to Local Rule 7.2(c), if a party believes that a reply is necessary, it shall file a motion for leave to file a reply within seven days of service of the response, setting forth the reasons why a reply is required.

**Pursuant to Federal Rule of Civil Procedure 16(b)(4), the scheduling order may <u>only</u> be modified for good cause and with this Court's consent. Good cause requires the moving party to show that it could not meet the scheduling order's deadline despite that party's diligence. Potential prejudice to the nonmoving party is also evaluated when considering a motion to extend deadlines.**

*This order has been entered after consultation with the parties.*

**IT IS SO ORDERED,** this 16th day of July, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE